IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **William Ford, # 232122,**          ) | Case No. 2:17-cv-2390-MGL-MGB |
| )  | |
| **Plaintiff,**          ) | |
| )  | |
| v.          ) | |
| )  | **REPORT AND RECOMMENDATION** |
| **Bryan Stirling, Director of the**          ) | |
| **South Carolina Dept. of Corrections,**          ) | |
| )  | |
| **Defendant.**          ) | |
| _____ )  | |

This is a civil action pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner incarcerated at MacDougall Correctional Institution in South Carolina. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2) (D.S.C.), the United States Magistrate Judge is authorized to review the complaint and to submit findings and recommendations to the United States District Judge. After careful review, the Magistrate Judge recommends that the Complaint be **summarily dismissed**, without prejudice, and without issuance and service of process, based on the following findings of fact and conclusions of law:

**I. The Present Lawsuit**

Plaintiff complains that in 2014, he was scheduled for transfer to another prison, but was not given any reason why. He was unhappy about this and filed grievances at the Step 1 and Step 2 levels. He indicates he appealed unsuccessfully to the Administrative Law Court, which dismissed the case. (DE# 1 at 7). He appealed further to the South Carolina Court of Appeals, which affirmed on January 11, 2017. (*Id*. at 10). Plaintiff then filed the present Complaint under 42 U.S.C. § 1983 on or about September 5, 2017. Plaintiff names Bryan Stirling (Director of the South Carolina Department of Corrections) as the sole Defendant.

Plaintiff contends that he was damaged because the intended transfer "caused him to call home more often and receive more visits than normal." (DE# 1 at 10). He alleges he suffered emotional distress, headaches, and paranoia at the thought of being transferred to another prison. (*Id*.). He also contends that he had to give up some canteen items in anticipation of transfer. For relief, Plaintiff demands "actual damages in the amount of $821.54, court cost in the amount of $454.58, and punitive damages in the amount of $59,000.00" (DE# 1 at 11). The record does not reflect any prior actions pursuant to 42 U.S.C. § 1983 by this prisoner.

## III. Relevant Law

### A. Standard of Review

Under established local procedure in this judicial district, the Magistrate Judge has reviewed this *pro se* prisoner complaint pursuant to 28 U.S.C. § 1915 and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

Plaintiff filed this complaint under 28 U.S.C. § 1915, which permits an indigent litigant to bring an action in federal court without prepaying the administrative costs of proceeding with the action. To protect against possible abuses of this privilege, the statute allows the court to dismiss the case upon finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* "at any time" under 28 U.S.C. §1915(e)(2)(B). *Neitzke*, 490 U.S. at 319. The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id*. at 326. The Prison

Litigation Reform Act ("PLRA") also provides for the screening of complaints "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

### B. Liberal Construction

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Jehovah v. Clarke*, 798 F.3d 169, 176 (4th Cir. 2015). However, "[t]he 'special judicial solicitude' with which a district court should view ... pro se filings does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs., City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). Giving "liberal construction" does not mean that the Court can ignore a prisoner's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of pro se complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## IV. Discussion

### A. Failure to State a Claim

Plaintiff complains about a scheduled prison transfer that, ultimately, did not occur. In order to state a claim under 42 U.S.C. § 1983, a complaint must allege facts indicating: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). While a complaint does not need to expressly invoke § 1983 as the legal theory for a plaintiff's claim, the United States Supreme Court has instructed that a complaint "must plead

facts sufficient to show that [a] claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S.Ct. 346 (2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). The present Amended Complaint fails to meet this minimal pleading standard.

### 1. **No Constitutional Right to be Housed at a Particular Prison**

The United States Supreme Court has made it clear that prisoners have no constitutional right to be housed in a particular institution, at a particular custody level, or in any particular part of a correctional institution. *Olim v. Wakinekona*, 461 U.S. 238, 245–248 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-28 (1976); *Montanye v. Haynes*, 427 U.S. 236, 242 (1974). Inmates have "no protected liberty interest … from being classified, or being placed … in a particular prison, or in a particular section of a prison." *Jones v. SCDC*, Case No. 5:12–cv–3554–RBH-KDW, 2013 WL 3880175, *3 (D.S.C. July 26, 2013) (citing *Meachum*, 427 U.S. at 215). The United States Supreme Court has emphasized that the "decision where to house inmates is at the core of prison administrators' expertise," *McKune v. Lile*, 536 U.S. 24, 26 (2002), and that federal courts must give great consideration to the need to maintain order, discipline, and control. *Wolff v. McDonnell*, 418 U.S. 539, 558–62 (1974). Plaintiff has been committed to South Carolina Department of Corrections ("SCDC") to serve his sentence, and SCDC officials have discretion where to place him. Plaintiff has no right to be housed at any particular prison. The United States Supreme Court has repeatedly explained that "prison officials have the discretion to transfer prisoners for any number of reasons." *Meachum*, 427 U.S. at 228; *and see Montanye*, 427 U.S. at 236 (holding that "prisoner had no right to remain at any particular prison facility and no justifiable expectation that he would not be transferred"). In other words, Plaintiff bases his claim on a non-existent right. *Neitzke*, 490 U.S at 327-28 (describing prisoner's "claim that his transfer within the reformatory violated his rights under the Due Process Clause" as a claim of "infringement of a legal interest

which clearly does not exist"). Therefore, the Complaint fails to state a claim. Amendment will not cure such pleading deficiency.

The Due Process Clause is offended only when an inmate is subjected to atypical and significant hardships in relation to ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 481 (1995); *Wilkinson v. Austin*, 545 U.S. 209, 223–24 (2005). The United States Supreme Court has observed that the Eighth Amendment does not require that prisoners "be housed in a manner most pleasing to them." *Atiyeh v. Capps*, 449 U.S. 1312, 1315–16 (1981); *Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997) ("Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment."). Although Plaintiff complains about having to prepare to be transferred, his allegations concern only *de minimus* inconveniences. As alleged in Plaintiff's own Complaint, the scheduled transfer to another prison was canceled and did not occur. The Complaint fails to state a plausible claim for relief.

Although Plaintiff characterizes his scheduled transfer as retaliatory, his personal belief is unavailing. The United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a plausible claim for relief. *Iqbal*, 556 U.S. at 677–79; *Bell Atlantic Corp.*, 550 U.S. at 555. Although Plaintiff alleges that his scheduled transfer was in retaliation for some prior letters he had written to the IRS, it is well-settled a prisoner has no inherent constitutional right to be incarcerated in a particular institution. *Meachum*, 427 U.S. at 224-28; *Olim*, 461 U.S. at 245–248; *Montanye*, 427 U.S. at 242 .

Although Plaintiff complains of the scheduled transfer (which was later cancelled), the Constitution does not protect a prisoner against every change in the conditions of his confinement. *Meachum*, 427 U.S. at 222. "South Carolina law confers no protected liberty interest upon inmates

of SCDC from being classified, or being placed … in a particular prison, or in a particular section of a prison." *Jones*, 2013 WL 3880175 at *3 (citing *Meachum*, 427 U.S. at 215 and *Keeler v. Pea*, 782 F.Supp. 42, 43–44 (D.S.C.1992). Here, Plaintiff was not actually transferred, and in any event, a transfer within the prison system would not violate any constitutional right. *Atiyeh*, 449 U.S. at 1315–16 (Eighth Amendment does not require that prisoners "be housed in a manner most pleasing to them"); *Jones*, 2013 WL 3880175 at *6. Therefore, the Complaint fails to state a plausible claim for relief. Plaintiff's personal belief that the scheduled transfer was retaliatory is not sufficient to support a constitutional claim. Summary dismissal is appropriate.

### 2. **No Respondeat Superior, i.e. No Supervisory Liability**

Plaintiff appears to be suing Defendant Stirling for his supervisory role (as Director of SCDC) under a theory of *respondeat superior*. It is well-settled that supervisory positions alone do not subject a defendant to liability. The doctrines of vicarious liability and *respondeat superior* generally do not apply in § 1983 actions. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693 (1978); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). The United States Supreme Court has repeatedly emphasized that an individual defendant is not liable under § 1983 absent any personal involvement. *Iqbal*, 556 U.S. at 676–77 ("Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.... each Government official, his…title notwithstanding, is only liable for his…own misconduct"). In a § 1983 action, "liability is personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001), *cert. denied*, 537 U.S. 1045 (2002).

An official can be held liable under § 1983 in his individual capacity only if his "own individual actions ... violated the Constitution." *Iqbal*, 556 U.S. at 667 (emphasizing that "each

Government official … is only liable for his or her own misconduct"); *see also Vinnedge*, 550 F.2d at 928 (a plaintiff must allege facts indicating that a defendant acted personally to deprive plaintiff of his constitutional rights). In other words, individual liability under § 1983 must be based on personal conduct. *See, e.g., Faltas v. South Carolina*, Case No. 3:11–3077–TLW–SVH, 2012 WL 988105, *4 (D.S.C.), *adopted by* 2012 WL 988083 (D.S.C.), *aff'd by* 489 F.App'x 720 (4th Cir. 2012).

Plaintiff fails to indicate how Defendant Stirling personally violated any of Plaintiff's constitutional rights. Rather, he generally complains that Defendant Stirling was responsible for enforcing prison policy in his supervisory role. Although Plaintiff complains that prison policy was not followed by various SCDC employees, the alleged failure to follow prison policy or procedure does not, by itself, amount to a constitutional violation. *See Riccio v. Cty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990) ("If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue."); *Keeler*, 782 F.Supp. at 44 (violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

Moreover, when a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See, e.g., Reaves v. Richardson*, Case No. 4:09–820–TLW–SVH, 2011 WL 2119318, *6 (D.S.C.) ("without such personal involvement, there can be no liability under section 1983"), *adopted by* 2011 WL 2112100 (D.S.C. May 27, 2011); *Fox v. Drew*, No. 8:12–cv–421-MGL, 2013 WL 4776706, *11 (D.S.C. Sept.4, 2013) (a defendant is liable in his individual capacity only for his personal wrongdoing), *affirmed by* 563 F.App'x 279 (4th Cir. 2014). The Complaint fails to allege facts that would subject Defendant Stirling to any personal liability in his supervisory role. Summary dismissal is appropriate.

### 3. No Liability for Denying Grievances

Plaintiff appears to be attempting to sue Defendant Stirling for the denial of Plaintiff's grievances by other prison officials. In the first place, an official's denial of a grievance "after-the-fact" of an alleged incident falls quite short of alleging any basis for a § 1983 claim. *See, e.g., Brooks v. Beard*, 167 F.App'x 923, 925 (3rd Cir. 2006) (dismissing case as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and explaining that a response by prison officials to an inmate's grievance does not establish the involvement of those officials in the alleged underlying incident); *DePaola v. Ray*, 2013 WL 4451236, *8, 30, n.7 (W.D.Va.), *adopted as modified by* 2013 WL 4453422 (W.D.Va. Aug. 16, 2013). The Complaint fails to state a claim against Defendant Stirling for the processing and denial of grievances by SCDC officials. Summary dismissal is appropriate.

### 4. Alleged Deprivation of Personal Property

Plaintiff alleges that he was forced to dispose of certain items when he was scheduled for transfer. The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. However, the constitutional "due process" guarantee is not implicated by the negligent act of a governmental official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327, 335–36 n.3 (1986). In other words, a claim of negligent loss of property is not actionable under 42 U.S.C. § 1983. *Id.; see e.g., Smith v. McCall*, Case No. 1:13–02601–JMC-SVH, 2013 WL 5797709, *2 (D.S.C. Oct. 28, 2013); *Jackson v. Flowers,* Case No. 4:16-cv-3305-MBS-MGB, 2016 WL 7852480 (D.S.C. Nov. 16, 2016), *adopted by,* 2017 WL 227992 (D.S.C. Jan. 19, 2017).

Moreover, an intentional deprivation of property by a governmental employee does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available.

*Hudson v. Palmer*, 468 U.S. 517, 533 (1984). In South Carolina, a prisoner may bring a state action for recovery of personal property against an official who deprives the prisoner of personal property without state authorization. *See Bogart v. Chapell*, 396 F.3d 548, 561–63 (4th Cir. 2005) (finding that South Carolina provides a meaningful post-deprivation remedy for alleged property loss); *McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (same, citing S.C. Code Ann. § 15-69-10). Such state law provides "a post-deprivation remedy sufficient to satisfy due process requirements." *Bogart*, 396 F.3d at 561 (citing *Hudson*, 468 U.S. at 533). Plaintiff has an adequate state remedy available to address any alleged intentional loss of property. Therefore, this claim is subject to summary dismissal.

### B. Eleventh Amendment Immunity

Plaintiff does not indicate whether he is suing in individual or official capacity. If Plaintiff is seeking monetary damages from a state official (Defendant Stirling) in his official capacity, such defendant is protected by sovereign immunity. The Eleventh Amendment provides that "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State or by citizens or subjects of any foreign state." U.S. Constitution, Am. 11.[1] Sovereign immunity protects the State, as well as its agencies, divisions, departments, officials, and other "arms of the State." *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 70-71 (1989) (explaining that a suit against a state official in official capacity is "no different from a suit against the State itself"); *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (same). Based on sovereign immunity, Defendant Stirling in his official capacity is immune from suit and should be dismissed as a party. *See, e.g., Ransom v.*

---

[1] While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither exception applies here. Congress has not abrogated the states' sovereign immunity under 42 U.S.C. § 1983, *see Quern v. Jordan*, 440 U.S. 332 (1979), and South Carolina has not consented to suit in federal district court, *see* S.C. Code Ann. § 15-78-20(e).

*Lawrence*, Case No. 6:12–3141–JFA–KFM, 2013 WL 4523588, *4 (D.S.C. Aug. 26, 2013) ("The defendants are all employees of the SCDC and thus are not subject to suit under § 1983 when sued in their official capacities").

## IV. Conclusion

Accordingly, the Magistrate Judge recommends that the Complaint (DE#1) should be **summarily dismissed** without prejudice.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

September 26, 2017
Charleston, South Carolina

Plaintiff's attention is directed to the **Important Warning** on the following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).