

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| WILLIAM FORD, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:17-02390-MGL |
| | § | |
| BRYAN STIRLING, | § | |
| Director of the South Carolina | § | |
| Dept. of Corrections, | § | |
|     Defendant. | § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION, AND DISMISSING PLAINTIFF'S COMPLAINT

Plaintiff, proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983 (Section 1983). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Plaintiff's Complaint be summarily dismissed, without prejudice, and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the

Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 27, 2017, ECF No. 8, and the Clerk of Court entered Plaintiff's objections to the Report on October 12, 2017, ECF No. 10. The Court has reviewed the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

As a preliminary matter, the Magistrate Judge recommended to the extent Plaintiff sought to sue Defendant in his official capacity, Eleventh Amendment sovereign immunity would bar such suit, and Defendant should be dismissed as a party. In his objections, Plaintiff indicates "[t]he Plaintiff is suing Bryan Stirling in his individual capacity . . . ." ECF No. 10 at 4. Given this clarification, Eleventh Amendment immunity does not bar Plaintiff's lawsuit. As analyzed below, however, Plaintiff's Complaint is still subject to summary dismissal.

Plaintiff first objects the Magistrate Judge erred in suggesting Plaintiff had no constitutional right to be housed at a particular prison, and in recommending Plaintiff failed to meet the pleading standard regarding his claim his planned transfer to another prison was retaliatory. The Report suggested Plaintiff's Complaint failed to state a claim upon which relief could be granted, in part, because there is no constitutional right to be housed in a particular prison, and because Plaintiff failed to sufficiently plead the planned transfer was retaliatory. According to Plaintiff, the Magistrate Judge misconstrued the involuntary, out-of-state transfer as a transfer within the South Carolina Department of Corrections system. Further, Plaintiff claims the planned transfer was in retaliation for his earlier actions.

Plaintiff's objection fails for two reasons. First, the Magistrate Judge nowhere alleged the planned transfer was within the South Carolina Department of Corrections system. Thus,

Plaintiff mischaracterized the basis for the Magistrate Judge's recommendation regarding the right to housing at a particular prison. Accordingly, Plaintiff's objection to this recommendation fails. Second, although Plaintiff alleges in his Complaint and his objection the planned transfer was retaliatory, the law is clear: a Plaintiff who provides only conclusions without more has failed to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Plaintiff has only alleged the planned transfer was retaliatory without providing a factual basis to support this claim. Thus, Plaintiff has not made a plausible case his transfer was retaliatory. For these reasons, the Court will overrule Plaintiff's objection to the Magistrate Judge's recommendations regarding the right to be housed at a particular prison, and as to Plaintiff's failure to meet the pleading standard on his claim the planned transfer was retaliatory.

Plaintiff next objects the Magistrate Judge erred in suggesting Defendant cannot be held personally liable for the actions of his employees. The Magistrate Judge recommended a government employee can be held liable under Section 1983 for only his own actions. The employer cannot be held liable via respondeat superior for the actions of employees he supervises. On this basis, the Magistrate Judge suggested Plaintiff's Complaint be summarily dismissed.

The Court agrees with the Magistrate Judge. Respondeat superior liability does not apply in actions under Section 1983. *Iqbal*, 556 U.S. at 676. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* In his Complaint, Plaintiff makes no direct allegations against Defendant; rather, Plaintiff appears to hold Defendant liable based on the actions of other South Carolina Department of Corrections

(SCDC) officials.  As noted above, the law precludes this respondeat superior liability.  In his Objections, Plaintiff claims Defendant directly ordered other SCDC officials to violate policy regarding transfers.  As a preliminary matter, Plaintiff states this allegation as a conclusion without providing any factual basis for the assertion.  Thus, the claim would be due to be dismissed for failure to state a claim.  *Ashcroft*, 556 U.S. at 677-79 (2009), *Bell Atlantic Corp.*, 550 U.S. at 555-56.  Even assuming Plaintiff stated a claim based on Defendant's alleged direct orders to violate prison policy, Section 1983 provides a remedy for violation of a person's constitutional rights by a state actor.  42 U.S.C. § 1983.  Violating prison policy is not a per se constitutional violation, and thus is not a per se violation of Section 1983.  On this basis, the Court will overrule Plaintiff's objection to the Magistrate Judge's recommendation Defendant is not liable under Section 1983.

Plaintiff further argues the Magistrate Judge erred in suggesting Defendant was not liable for denying Plaintiff's grievances.  The Magistrate Judge noted an official's denial of an after-the-fact prisoner grievance is not a basis for a Section 1983 claim, and thus Plaintiff's Complaint failed to state a claim against Defendant for handling and denial of Plaintiff's grievances.  Plaintiff avers a grievance is like an affidavit, which is binding when appealed.  Here, Plaintiff claims his grievances prove he tried to resolve his issues via proper channels, he alleged the planned transfer was retaliatory, and the planned transfer was at the direction of Defendant.

The Court agrees with the Magistrate Judge.  As other Courts have held, an official's response to a prisoner's after-the-fact grievance does not provide a basis for a Section 1983 claim.  *See, e.g.*, *Brooks v. Beard*, 167 F. App'x 923, 925 (3rd Cir. 2006); *DePaola v. Ray*, Civil Action No.: 7:12CV00139, 2013 WL 4451236 at *8, *30 (W.D. Va., July 22, 2013), *adopted as modified by* 2013 WL 4453422 (W.D. Va. Aug. 16, 2013).  Thus, the Court will overrule

Plaintiff's objection to the Magistrate Judge's recommendation regarding liability for denial of after-the-fact grievances.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**, AND WITHOUT ISSUANCE AND SERVICE OF PROCESS.

**IT IS SO ORDERED**.

Signed this 25th day of October, 2017, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.